UNITED STATES of America, Plaintiff-Appellee, Cross–Appellant,

v.

Ruben CRESPO, Defendant–Appellant, Cross–Appellee.

No. 91–8898.

United States Court of Appeals, Eleventh Circuit.

Feb. 5, 1993.

**484**

Steven Howard Sadow, Atlanta, GA, for appellant.

Joe D. Whitley, U.S. Atty., Nicolette Templer, Amy Levin Weil, Asst. U.S. Attys., Atlanta, GA, for appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES *, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

Crespo was convicted of conspiracy to distribute and conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, and possession of a firearm after conviction of a felony, 18 U.S.C. §§ 922(a) and 924(a). On September 30, 1991 he was sentenced to 27 months imprisonment plus six years supervised release.

On appeal Crespo says that the evidence was insufficient to establish the existence of the conspiracy. He does not question the firearms conviction. The evidence is sufficient to support the conviction and we affirm it.

■ The government by cross-appeal contends that the court was required to impose a mandatory minimum sentence of ten years because it proved that Crespo was reasonably capable of producing three kilos of cocaine.[1] Sentencing occurred September 30, 1991. The evidence showed that at various times Crespo negotiated with a supplier for a total of five kilos (two, two, and one) and at another time for three kilos, none of which was delivered. The court imposed sentence based upon its conclusion that under the preponderance of evidence the only cocaine that Crespo was reasonably capable of producing was the one-third of a gram sample that he actually delivered.

The issue presented by the government on appeal is that the court erred in not finding that Crespo was reasonably capable of producing the negotiated amount of cocaine, or, as restated by the government, the district court erroneously found that Crespo was not capable of producing a negotiated amount of three kilos.

We cannot find that the court erred. The evidence showed the following. Agents conducted a sting operation in which government agents attempted to buy cocaine from Crespo. Crespo spoke of sources he had in Atlanta and Miami. He said that a source was bringing five kilos from Miami and later said another source had five kilos in Atlanta. Discussions continued between agents and Crespo, on

---

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

1. 21 U.S.C. §§ 846 & 841(b)(1)(A)(ii).
   U.S.S.G. § 2D1.4(a) states:
   Base Offense Level: If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.
   Application Note 1 provides:

   If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, *where the court finds that the defendant did* not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

again and off again, over a period of several weeks. Crespo delivered to one of the agents the sample weighing approximately one-third of a gram. Additional negotiations followed with a proposed delivery by Crespo of five kilos to be obtained from a supplier, Billy Lopez. The agents did not wait for a delivery but, fearing that the transaction was dangerous because Crespo was carrying a gun, they arrested him. Lopez testified at Crespo's trial that he and Crespo negotiated concerning three kilos but that he decided not to go through with the deal because he became suspicious. Lopez had been tried before the same district judge, had been convicted, and was sentenced on the basis of three kilos.

■ Negotiations between Crespo and the agents were not sufficient in themselves to prove capability of Crespo to actually produce either five kilos or three kilos. The government contends, however, that this proof is supplemented by the fact that Lopez pleaded guilty to conspiracy to deliver cocaine to Crespo and was sentenced at a base offense level of 30, which accords with his negotiating for three kilos. This sentencing decision made for a co-conspirator does not constitute proof of capacity of Crespo to produce. *U.S. v. Alston,* 895 F.2d 1362, 1370, n. 9 (11th Cir.1990). Additionally, at the close of Crespo's sentencing the trial judge, who had sentenced Lopez, evidenced his concern about the sentencing decision he had made for Lopez. He asked counsel for Crespo to notify Lopez's counsel of what he had done with respect to Crespo. He said that he wanted Lopez's counsel to be aware of it, and he left to that counsel what counsel might want to do about it.

■ At oral argument this court inquired whether there was an issue of burden of proof arising from the trial judge's placing on the government the obligation to prove that Crespo was reasonably capable of producing more than 500 grams. This issue had not been raised on appeal; rather, the court itself raised it. The government responded by asserting that this bur-

den of proof should have been placed on Crespo, that he failed to carry the burden, and that this issue was before us based upon the plain error doctrine. We cannot reach the burden of proof issue. Not only was the issue not raised on appeal—it was not raised before the trial court either; indeed, early on in the sentencing hearing defense counsel stated to the court his position that the government was required not only to prove the amount negotiated but also that the defendant intended to produce and was reasonably capable of producing an amount. Counsel cited to the court a Seventh Circuit case that assigned to the government the burden of proof of ability to produce, *U.S. v. Ruiz,* 932 F.2d 1174 (7th Cir.1991). Counsel called on the government to put up evidence of ability to produce more than one-third of a gram. The court asked the government what it had to say about its obligation to establish by the preponderance of the evidence that the defendant was reasonably capable of producing a quantity; soon thereafter the court restated its position that the burden was on the government. Government counsel responded that the government had met that burden by proving beyond reasonable doubt that Crespo had both intent and ability to produce, and she discussed the evidence that she contended was sufficient. The court ruled that the government had failed to establish that Crespo was reasonably capable of producing more than 500 grams of cocaine. The court invited the government to put on additional evidence, and it did so by calling the case agent. After his testimony the court ruled that the testimony revealed nothing new. The court adhered to its position that the evidence did not disclose capacity to produce anything more than the sample of less than half a gram. The government asked the court to reconsider, again not questioning that it had the burden but on the ground that the testimony showed that it had met its burden by a preponderance of the evidence. At no point did the government object to the rulings on the burden or question the correctness of *U.S. v. Ruiz.*[2]

2. At least one other circuit disagrees with *U.S. v. Ruiz, U.S. v. Rodriguez,* 896 F.2d 1031 (6th Cir. 1990).

Summarizing, the issue of burden of proof has not been raised on appeal. Moreover, there was no plain error arising from the sentencing.

We AFFIRM on the appeal and on the cross-appeal.