UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward Phelan JONES, Defendant–
Appellant.

No. 94–2118.

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 1994.

Robert S. Griscti, Gainesville, FL, for appellant.

Charles S. White, Asst. U.S. Atty., Tallahassee, FL, for appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and HOEVELER *, Senior District Judge.

PER CURIAM:

Edward Phelan Jones appeals his sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.   We AFFIRM.

I.

Jones was charged with conspiring to possess marijuana from January 1, 1988 until his arrest on February 13, 1992.   Jones and John David Rowan bought and sold marijuana to and from each other in 1988 and 1989, but suspended this relationship after Jones

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

lost $10,000 in a drug deal set up by Rowan. In 1991, Rowan, who was then acting as a government informant, contacted Jones and ascertained that Jones was still interested in selling marijuana. In conversations monitored by law enforcement agents, Rowan arranged to buy between 128 and 150 pounds of marijuana from Jones. Jones accordingly delivered a one-half pound sample of marijuana to Rowan. On the day of the planned deal, Jones detected the police surveillance and, as a result, never obtained the marijuana to sell to Rowan. Jones was arrested soon thereafter.

Jones was found guilty after a jury trial and was sentenced based upon 1000 pounds of marijuana. Although the deal between Rowan and Jones had been for between 128 and 150 pounds, Jones had told Rowan that his suppliers had 1000 pounds of marijuana in the area. On appeal, we affirmed Jones's conviction, but vacated his sentence and remanded in light of *United States v. Crespo*, 982 F.2d 483 (11th Cir.1993).[1] *United States v. Jones*, 11 F.3d 166 (11th Cir.1993) (*Jones I*). On remand the district court found that Jones had conspired to possess with the intent to distribute between 272 and 294 pounds of marijuana. This conclusion resulted from the finding that Jones earlier had participated in a conspiracy involving 144 pounds of marijuana during the first period of his association with Rowan, in 1988 and 1989, and had then conspired to distribute between 128 and 150 pounds of marijuana immediately prior to his arrest. The district court sentenced Jones accordingly. Jones challenges this sentence.

We review the district court's legal conclusions *de novo*, and its findings of fact for clear error. *United States v. Huppert*, 917 F.2d 507, 510 (11th Cir.1990). Jones raises two challenges to his sentence. First, he contends that the district court did not adhere to the mandate outlined by the *Jones I* court. Second, he argues that the district court erred in holding him accountable for

drugs beyond the one-half pound sample he delivered to Rowan.

## II.

■ In the first sentencing proceeding, the district court sentenced Jones based upon 1000 pounds of marijuana, the amount it determined was involved in the second portion of the conspiracy. Jones maintains that the district court's consideration on remand of the 144 pounds of marijuana involved in the first part of the conspiracy violated the directive of this court, which Jones construes to require that he be resentenced by the court based only on the amount of marijuana involved in the incident that precipitated his arrest. Jones thus argues that the mandate from *Jones I* limited the district court to re-examining only the quantity of marijuana involved in the second part of the conspiracy. We disagree.

This circuit has held that "[a]lthough the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986) (citations omitted). Furthermore, the district court must "tak[e] into account the appellate court's opinion ... and the circumstances it embraces." *Id.* In this case the district court did not exceed the scope of the mandate. The *Jones I* court vacated Jones's sentence and remanded for resentencing in light of *Crespo*. It did not otherwise limit the district court. In resentencing Jones, the district court was required to reconsider the amount of marijuana involved in the conspiracy. Nothing in *Jones I* was intended to limit Jones's sentence to encompass only part of the marijuana involved in the entire conspiracy. The district court was well within its power to consider the quantity of marijuana involved in the conspiracy as a whole in resentencing Jones. *See, e.g., United States*

1. In *Crespo* we examined section 2D1.4(a) of the Sentencing Guidelines which provided that in an incomplete negotiation for sale of narcotics, if the court concludes that a defendant did not intend to supply the negotiated amount and was

not capable of producing the negotiated amount, for sentencing purposes the court should exclude that portion of the amount that the defendant was unable to produce.

*v. Cornelius,* 968 F.2d 703, 705 (8th Cir.1992) ("Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing."). We therefore conclude that the district court did not err in re-evaluating Jones's conduct on resentencing and including previously excluded quantities of marijuana in Jones's sentence.

### III.

Jones also contends that the district court erred in its interpretation of *Crespo.* He argues that under *Crespo,* the district court was required to sentence him based only on the one-half pound of marijuana that he delivered to Rowan. We disagree with this proposition as well.

Under the Sentencing Guidelines, a defendant who negotiates a sale of drugs is sentenced based upon the negotiated amount. If the district court finds that the defendant did not intend to produce and was not reasonably capable of producing that amount, however, the defendant is sentenced to the amount that he or she intended to produce and was able to produce. U.S.S.G. § 2D1.1, comment (n. 12) (Nov. 1993) (previously § 2D1.4. comment (n. 1) (Nov. 1991)). In *Crespo* the defendant negotiated a cocaine sale to an undercover agent of five kilos of cocaine. He delivered a one-third of a gram sample to the agent and was arrested prior to the expected consummation of the deal. The district court sentenced Crespo based upon the amount actually produced by Crespo because it concluded that he was not reasonably capable of producing the negotiated amount. The government appealed, arguing that the district court erred in not sentencing Crespo based upon the negotiated amount. We affirmed the district court's sentence.

Jones argues that *Crespo* dictates that he be sentenced only for the amount of the sample he delivered. He points to language in *Crespo* stating that "[n]egotiations between Crespo and the agents were not sufficient in themselves to prove capability of Crespo to actually produce either five kilos

or three kilos." *Crespo,* 982 F.2d at 485. Our holding in *Crespo,* however, was simply that under the facts of that case, the district court was not clearly erroneous in its conclusion that Crespo was unable to produce the negotiated amount. *Crespo* did not hold that in every conspiracy involving an incomplete drug transaction the defendant could only be sentenced based upon the actual amount produced; to so hold would directly contradict the Sentencing Guidelines. *See* U.S.S.G. § 2D1.1.

Under the facts of this case, the district court's determination that Jones intended to produce and was able to produce the negotiated amount, between 128–150 pounds of marijuana, was not clearly erroneous. Further, the district court did not exceed the scope of the mandate on remand by re-evaluating the amount of marijuana involved in the entire conspiracy. Accordingly, we AFFIRM the district court.