72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Roger Andrew TALK, a/k/a Roderick Talk, Defendant-Appellee.
 No. 95-2179.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1995.
 
 Before MOORE, MCKAY and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 For the third time this case is before us upon issues related to sentencing. In both previous appeals by the government, we have reversed the district court and remanded for resentencing. On the last occasion, our reversal included instructions to "resentence at an offense level of 31." After more than five months following the issuance of the mandate from that appeal, the district court resentenced at the level of 31, but departed downward after finding there existed "new information not previously considered by this Court or the Tenth Circuit Court of Appeals in determining the appropriateness of a downward departure." Departing from the guideline range of 108 to 135 months to an adjusted level of 18 with a sentencing range of 27 to 33 months, the court adopted a sentence of 28 months, the time already served by the defendant. The government appeals, and we once again reverse.
 
 
 2
 To those of us who have served on the district bench and passed sentences long before the adoption of the guidelines, this case illustrates why so many of us decried the adoption of the sentencing guidelines. The district judge in this case has viewed the defendant, his background, the crime, and the factors implicit in the objectives of sentencing, and in the exercise of his judgment and discretion has attempted to fix a sentence in keeping with all of those considerations. While that was always regarded as the prerogative of the sentencing judge prior to the adoption of the guidelines, Congress has divested judges of that latitude. The simple fact is, judicial discretion has a place in sentencing so long as it is exercised within the parameters of the sentencing guidelines.
 
 
 3
 Yet, this case is beset with a more fundamental problem. After twice considering previous sentences and finding them wanting, we remanded the cause to the district court with specific instructions. Although the district court acknowledged the limitation of the remand instructions by nominally setting a total offense level of 31 as instructed by this court, the district court immediately obviated that acknowledgment by its downward departure.
 
 
 4
 The issue we must therefore decide is whether, as the government contends, the district court was not free to depart downward, or whether, as the defendant asserts, the court appropriately found new and extraordinary circumstances, including the defendant's completion of the sentence that was the subject of the second appeal. After full consideration, we believe the government is correct.
 
 
 5
 Our prior mandate was clear. It directed imposition of a sentence employing an offense level of 31. Moreover, we held that defendant's "family or community ties" were not extraordinary and that his "criminal history," or lack thereof, "does not form a valid basis for departure." Additionally, upon viewing the events surrounding the crime, we held "they do not suggest a single act of aberrant behavior."
 
 
 6
 These holdings notwithstanding, the very factors we found wanting were employed by the district court as the basis for its departure. Albeit the court considered them "in combination" rather than singly, and albeit the court added other factors which apparently fall within the rubric of "family or community ties," the factors employed by the district court for downward departure have been rejected by this court for that purpose. Moreover, the defendant's completion of the sentence we ordered vacated on the previous appeal achieves no significance now except the months of prior incarceration could apply to the total sentence mandated by this court. It is difficult, therefore, for us to reach any conclusion but that the district court chose to ignore our specific instructions.
 
 
 7
 The district court was bound to carry out those instructions, Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939), and its resentencing authority was restricted to "imposition of a sentence in accord with" this court's holdings. Fed.R.Crim.P. 35(a)(1). That the mandate including instructions delineates the resentencing authority of the district court has been resolved in other circuits. United States v. Polland, 56 F.3d 776, 777 (7th Cir.1995); United States v. Stanley, 54 F.3d 103, 107 (2d Cir.), cert. denied, 116 S.Ct. 238 (1995); United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994); United States v. Jones, 36 F.3d 1068, 1069 (11th Cir.1994); United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994), cert. denied, 115 S.Ct. 777 (1995); United States v. Bell, 5 F.3d 64, 66-68 (4th Cir.1993). See also 18 U.S.C. 3742(f)(1). We therefore conclude the district court's sentence was invalid and beyond the authority conferred upon it by the mandate.
 
 
 8
 Although the government requests this court direct the sentencing be referred to a different judge of the district court, we decline to do so. We understand what the district judge has attempted in this case and why it was done, but we also believe he now will understand the limitation imposed upon him by this court's prior mandate. We have no reason to believe, with that understanding, he will fail to comply. The sentence is REVERSED, and the cause is REMANDED with specific instructions to resentence as previously ordered by this court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470