IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-51221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO ARTURO RODRIGUEZ-DIAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-733-DB-5
--------------------
September 21, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ernesto Rodriguez-Diaz appeals the 140-month sentence imposed on him after he pleaded guilty to conspiracy to import cocaine and conspiracy to possess cocaine with the intent to distribute. He argues that the district court clearly erred in sentencing him on the basis of the 200-kilogram deal he negotiated rather than the six kilograms that were seized prior to and at his arrest. He also argues that the sentencing court erred in finding that he was not a minor participant in the conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has filed a motion to supplement the record with the transcripts of a suppression hearing and the trial of one of Rodriguez's codefendants.  The motion notes that in denying Rodriguez's objection about the drug quantity, the district court relied on the evidence it had heard about the transaction during these other proceedings.  The Government did not submit copies of these transcripts with its motion.

We review de novo the legal conclusions made by a sentencing court.  United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993).  Findings of fact are reviewed for clear error.  Id.  The district court's determination of the amount of drugs attributable to Rodriguez as well as its determination of his role in the conspiracy are accordingly reviewed only for clear error.  United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir.), cert. denied, 119 S. Ct. 1280 (1998).  A presentence report (PSR) generally bears sufficient indicia of responsibility to be considered as evidence by a sentencing judge when making factual determinations.  United States v. Narviz-Guerra, 148 F.3d 530, 537 (5th Cir.), cert. denied, 119 S. Ct. 601 (1998).  When a district court has relied on information contained in a PSR, the defendant bears the burden of demonstrating that the information is unreliable or untrue.  United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).  Information contained in a defendant's unsworn objections to a PSR does not constitute competent evidence.  United States v. Huerta, ___ F.3d ___ (5th Cir. July 27, 1999, No. 98-20812), 1999 WL 544055, at *3.

Rodriguez argues that the district court erred in concluding that his offense involved the 200 kilograms of cocaine that he negotiated to sell an undercover agent. He contends that he was not reasonably capable of providing more than, at most, the six kilograms that were seized by the time of his arrest. See U.S.S.G. § 2D1.1, comment. (n.12). In rejecting this contention, the district court relied on testimony it heard during the proceedings involving the codefendant. Except for the testimony of one coconspirator, Mario Ramirez, Rodriguez did not include transcripts of these other proceedings in the record on appeal.

"[T]he appellant bears the burden of creating the record on appeal." United States v. Coveney, 995 F.2d 578, 587 (5th Cir. 1993). See also Fed. R. App. P. 11(a). If the record as compiled by the appellant "does not establish a basis for reversal, we will affirm." Coveney, 995 F.2d at 587. If the record does establish a basis for reversal and the appellee wishes to rely on some alternative basis for an affirmance, the burden of compiling a record in support of the alternative theory is the appellee's. Id. at 587-88. In that circumstance, a motion to supplement from the appellee is appropriate. Id. at 587.

To "establish a basis for reversal," Rodriguez must show that the district court clearly erred in attributing 200 kilograms of cocaine to him. See, e.g., Vital, 68 F.3d at 120. In support of his argument, he relies on his own unsworn version of the events as well as Ramirez's testimony in the codefendant's trial that Ramirez would not have been able to supply 200

kilograms of cocaine. Because Rodriguez's version of the transaction was submitted to the district court as part of his unsworn objections to the PSR, it did not constitute competent evidence. See Huerta, 1999 WL 544055, at *3.

In addition, Ramirez's testimony "does not establish a basis for reversal." At sentencing, the district court stated that the evidence it heard in ruling on the codefendant's motion to suppress and during the codefendant's trial supported the PSR's finding that Rodriguez was responsible for a 200-kilogram deal. Without providing the transcripts of these other proceedings and articulating why it was error to rely on the evidence revealed in these proceedings, Rodriguez cannot demonstrate that the district court committed clear error. At the sentencing hearing, the district court stated that it found Ramirez's statement to be self-serving. See United States v. Roberson, 872 F.2d 597, 602 (5th Cir. 1989) (on giving deference to a sentencing court's credibility determinations). Rodriguez has given us no reason to question this assessment. Rodriguez has shown no clear error in the district court's reliance on the PSR.

Rodriguez argues that the Eleventh Circuit's decision in United States v. Crespo, 982 F.2d 483, 484-85 (11th Cir. 1993), demonstrates the district court's error. He relies on language in that decision suggesting that negotiations between Crespo and agents about a potential sale were "not sufficient in themselves" to prove that the defendant was reasonably capable of providing the amount of drugs negotiated. In a later case, however, that court stressed that Crespo's holding was limited. "Our holding

in Crespo," stated the court, "was simply that under the facts of that case, the district court was not clearly erroneous in its conclusion that Crespo was unable to produce the negotiated amount." United States v. Jones, 36 F.3d 1068, 1070 (11th Cir. 1994). Likewise, we have never held that it was error for a sentencing court, in determining the quantity of drugs an offense involved, to rely solely on negotiations between a defendant and agents. See United States v. Desimone, 119 F.3d 217, 229 (2d Cir. 1997) (rejecting such a proposition). Rodriguez has not shown that the district court relied only on negotiations between Rodriguez and the undercover officer. At sentencing, the district court specifically stated that it was relying as well on discussions among the defendants.

The district court indicated that it was considering all of the evidence it had heard concerning the conspiracy and that this evidence "coincide[d] with the probation report." Further, the district court observed that negotiations between Rodriguez and the undercover officer were specific as to the drug quantity and price. The Second Circuit has held that it is proper to consider whether negotiations for a drug deal "were sufficiently specific as to logistical concerns such as price, quantity, and delivery to constitute a plan rather than an exploratory discussion or 'mere puffery.'" Desimone, 119 F.3d at 229. We agree. Cf. United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997) (noting that when a government agent proposes a deal, a sentencing court "should inquire whether the suggested amount is realistic and doable"). Rodriguez has not shown that the

district court relied solely on ambiguous negotiations about a possible deal.  To the contrary, the district court indicated that it had considered an array of details and that these details supported the findings in the PSR--that Rodriguez was participating in what was to be a 200-kilogram deal.

It was Rodriguez's responsibility to compile a record on appeal that would "establish a basis for reversal."  Coveney, 995 F.2d at 587.  He has not satisfied this responsibility.  Because Rodriguez has shown no clear error on this record, the Government is not responsible for ensuring that the record is complete enough to support any of its arguments.  Accordingly, the Government's motion to supplement the record is DENIED as unnecessary.

Rodriguez argues that the district court erred in holding that he was more than a minor participant in the conspiracy. Under the guidelines, a "minor participant" in an offense is one who is "less culpable than most other participants."  U.S.S.G. § 3B1.2, comment. (n.3).  Because most offenses are committed by participants of roughly equal culpability, the adjustment for minor participation is to be used sparingly.  United States v. Mitchell, 31 F.3d 271, 278-79 (5th Cir. 1994).  To qualify for the adjustment, a defendant must show that "he at best was peripheral to the advancement of the illicit activity."  United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991).

Rodriguez was not at all "peripheral to the advancement of" the drug transaction.  As the PSR indicated, he repeatedly met with the undercover officer to negotiate terms and to arrange the

deal.  Rodriguez introduced Ramirez to the undercover officer. When he was arrested, Rodriguez was in the process of delivering the first installment of the deal.  Rodriguez has not shown the district court erred in finding he played more than a minor role in the offense.

Rodriguez also complains that he should receive the adjustment because Ramirez did.  The record does not clearly indicate that Ramirez was actually sentenced as a minor defendant.  Regardless, each participant in an offense "must be separately assessed."  <u>United States v. Thomas</u>, 963 F.2d 63, 65 (5th Cir. 1992).  Rodriguez has shown no error.

MOTION TO SUPPLEMENT DENIED; SENTENCE AFFIRMED.