[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04, 2011
JOHN LEY
CLERK

_____

No. 09-14790
Non-Argument Calendar

_____

D. C. Docket No. 07-00058-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY ALEXANDER BRIDGEWATER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 4, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In a prior appeal, we affirmed Anthony Bridgewater's convictions but

vacated his sentences because the Government did not prove by a preponderance of the evidence that two prior felony drug convictions were separate offenses for purposes of an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). On remand, the court sentenced Bridgewater to life imprisonment on counts 1 and 2, 438 months on count 3, and 120 months on count 4, all to run concurrent with each other.

Bridgewater now appeals the reimposition of those sentences, raising four issues on appeal. For the reasons discussed below, we affirm.

I.

Bridgewater first argues that the district court erroneously permitted the Government to present additional evidence at his resentencing. This argument, however, has no merit because the general vacatur in Bridgewater's prior appeal allowed for resentencing *de novo*. *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (citation omitted) ("[A] general vacatur of a sentence by default allows for resentencing *de novo*."); *United States v. Jones*, 36 F.3d 1068, 1070 (11th Cir. 1994) (per curiam) (quotation omitted) ("Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing."). Accordingly, the Government was allowed to present additional evidence at Bridgewater's resentencing hearing.

II.

Bridgewater next argues that the Government failed to establish by a preponderance of the evidence that Bridgewater qualified for a life sentence under § 841(b)(1)(A). Arguing his prior drug convictions were not separate offenses, but one criminal episode, Bridgewater claims the district court erred in imposing a mandatory life sentence for counts 1 and 2. "Because the question of whether prior convictions were related or unrelated for purposes of section 841(b)(1)(A) involves a factual inquiry, we review the district court's decision for clear error." *United States v. Rice*, 43 F.3d 601, 606 (11th Cir. 1995).

Section 841(b)(1)(A) provides for a mandatory term of life imprisonment for a defendant who was previously convicted of two or more felony drug offenses. § 841(b)(1)(A). "[I]f the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." *Rice*, 43 F.3d at 605 (citation omitted). However, "convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)." *Id.* at 608. Thus, convictions are not "related" if they are "separate in time and locale" and "requir[e] separate planning and execution." *Id.*

On remand, the Government presented evidence that showed Bridgewater

3

successfully completed the first sale of cocaine before he engaged in the second sale. The two offenses were separate in time, if only by thirty-six minutes. In Bridgewater's prior appeal, we vacated and remanded because it was unclear what happened in the thirty-six minutes between the two cocaine sales. *United States v. Bridgewater*, 333 Fed. App'x 470, 474 (11th Cir. 2009). In particular, we thought it was plausible that the second sale was simply a continuation of the first. *Id*.

On remand, the Government adequately proved that the first transaction was independent from the second transaction. A deputy who participated in the investigation of curbside crack cocaine sales in December 1992 testified on remand. He stated that the undercover officers had $150 to spend on drugs, and that they were tasked with buying $20–$30 hits of cocaine from as many different individuals as possible. In the first transaction, the officers purchased $30 of cocaine from Bridgewater. Those same officers then bought drugs from two different individuals before making the second purchase from Bridgewater. The district court also found that in the recording of the second transaction, Bridgewater asked "you want another 30?" Accordingly, we conclude that the district court did not clearly err in finding that the two cocaine sales were two distinct offenses for purposes of § 841(b)(1)(A).

III.

4

Third, Bridgewater argues the district court lacked jurisdiction to enhance his sentence for count 2 because of a defect in the Government's notice of enhancement under 21 U.S.C. § 851(a)(1). He thus contends that his sentence on count 2 should be vacated. We review *de novo* the adequacy of a § 851 notice of enhancement. *United States v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007) (per curiam).

In order for a district court to impose an enhanced sentence based on a defendant's prior conviction or convictions for a felony drug offense under § 841(b)(1)(A), the government must file an information "stating in writing the previous convictions to be relied upon." § 851(a)(1). We require strict compliance with the procedural and substantive requirements of § 851(a)(1). *United States v. Rutherford*, 175 F.3d 899, 904 (11th Cir. 1999). "[U]nless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence." *Ramirez*, 501 F.3d at 1239.

Bridgewater argues the Government failed to comply strictly with the requirements of § 851(a)(1) because the notice of enhancement referenced only § 841(b)(1)(A)(vii), which was applicable to count 1, but failed to reference § 841(b)(1)(A)(ii), which was applicable to count 2. We disagree. Section 851 requires notice of the prior *convictions* the government intends to rely upon in

5

seeking an enhancement. *See* § 851(a)(1). It does not require notice of the particular crimes the government wishes to enhance. The notice of enhancement in this case correctly identified the defendant's prior convictions, giving Bridgewater an opportunity to contest them. Thus, the notice was sufficient for the purposes of § 851(a)(1) and did not deprive the district court of jurisdiction to impose an enhanced sentence on count 2.

## IV.

Bridgewater lastly argues he should be resentenced on count 3 because the district court did not recognize its authority to impose a below-guidelines sentence based on a policy disagreement with the career-offender guideline. We review *de novo* a district court's conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Figueroa*, 199 F.3d 1281, 1282 (11th Cir. 2000) (per curiam). However, sentencing issues raised for the first time on appeal are reviewed only for plain error. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). Under plain error review, this Court will reverse only if "(1) an error occurred; (2) the error was plain; (3) it affected [the defendant's] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.*

Bridgewater did not argue below that the district court should vary downward from the career-offender guideline based on a policy disagreement with

6

the guideline. Thus, we will review this issue for plain error only. *Gresham*, 325 F.3d at 1265. Here, Bridgewater cannot show that his substantial rights were harmed because the district court never indicated that it disagreed with the career-offender guideline. On the contrary, the court specifically declined to vary downward from the guidelines range. Instead, it imposed a sentence at the mid-point of the guidelines range. Accordingly, there is no indication that, even if the district court erroneously believed it could not vary downward from the guidelines range, it would have done so in this case. Therefore, Bridgewater failed to establish plain error, and we affirm on this ground.

**AFFIRMED.**