[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11995

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOUGLAS MOHORN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60065-AHS-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Douglas Mohorn appeals his 36-month, below Guidelines sentence for conspiracy to distribute a controlled substance. He asserts the district court erred in sentencing him based on a drug quantity of five kilograms of cocaine because he never promised to deliver that amount, and ultimately, his co-conspirator only delivered a single kilogram of a substance that contained less than 1% cocaine. He contends this error, as well as the court's failure to give more weight to his age and health issues, resulted in the imposition of a procedurally and substantively unreasonable sentence. After review,[1] we affirm Mohorn's sentence.

---

[1] We review factual findings for clear error and the application of the Guidelines to those facts *de novo*. *United States v. Johnson*, 980 F.3d 1364, 1374 (11th Cir. 2020). The determination of the quantity of cocaine involved in a conspiracy for the purposes of sentencing is a factual determination subject to the clearly erroneous standard. *United States v. Alston*, 895 F.2d 1362, 1369 (11th Cir. 1990).

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

## I.  QUANTITY

"When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).  "Under the Sentencing Guidelines, a defendant who negotiates a sale of drugs is sentenced based upon the negotiated amount," unless "the district court finds that the defendant did not intend to produce and was not reasonably capable of producing that amount," in which case "the defendant is sentenced to the amount that he or she intended to produce and was able to produce." *United States v. Jones*, 36 F.3d 1068, 1070 (11th Cir. 1994) (citing U.S.S.G. § 2D1.1, comment (n.12) (Nov. 1993)). [2]  In *Jones*, we rejected the defendant's argument he should have been sentenced based on the amount of marijuana he actually delivered and affirmed the district court's sentence that was based on the negotiated amount. *Id.*

The district court did not clearly err in finding Mohorn's offense involved five kilograms of cocaine.  Mohorn signed a factual proffer that stated he spoke with an undercover officer on multiple occasions about the sale of cocaine.  In an initial phone call, the pair

---

[2] The relevant comment in the 1993 version of the Sentencing Guidelines has since been amended to clarify that it is the defendant's burden to prove lack of intent or ability to produce the negotiated amount of narcotics. (*Compare* U.S.S.G. § 2D1.1, comment. (n.12) (Nov. 1993) *with id.*, comment. (n.5) (Nov. 2021)).

discussed "kilograms" of cocaine. Additionally, Mohorn did not object to PSI paragraph 11, supporting a conclusion that Mohorn sought to facilitate the sale of multiple kilograms, as during a police interview, Donald Higgs III "indicated Mohorn . . . told Higgs he had a buyer for some 'keys.'" *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (explaining the district court may base its findings of fact on undisputed statements in the presentence investigation report (PSI)); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"). And, when the officer requested five kilograms in a later phone call, Mohorn sought to provide this amount, as he stated he would check on availability and call the officer back. When Mohorn called back, he had Higgs on the line to facilitate the sale and offered a discount for the purchase of five kilograms. Further, as stated in an undisputed portion of the PSI, Mohorn admitted to discussing the sale of five kilograms of cocaine, and admitted to contacting Higgs because he was aware Higgs had access to cocaine. *See id.*

Mohorn's assertion he should have been sentenced based on the amount of real cocaine involved in his offense, or instead, the fake kilogram ultimately sold to the undercover officer, is meritless. Where a defendant is convicted of conspiracy to distribute narcotics on the basis of an incomplete, negotiated sale, a defendant is properly sentenced based on the negotiated amount. U.S.S.G. § 2D1.1, comment. (n.5) (Nov. 2021); *see Jones*, 36 F.3d at 1070.

Next, Mohorn's argument he never had access to five kilograms of cocaine and he was not reasonably capable of producing this amount fails. In *United States v. Alston*, we rejected the defendant's argument he was not reasonably capable of producing the negotiated amount of drugs. 895 F.2d 1362, 1370-71 (11th Cir. 1990). We reasoned, even though the evidence suggested he only had access to one kilogram, the defendant attempted to arrange the delivery of several more kilograms, and thus, "[t]he district court was not clearly erroneous in finding that [he] was reasonably capable of producing the negotiated amount." *Id.* at 1370-71 (quotation marks omitted).

Mohorn's case is similar to *Alston*. Because Mohorn's attempt to acquire the negotiated amount was sufficient for the Government to meet its burden of proving drug quantity by a preponderance of evidence, the district court did not clearly err in determining the burden was met here. *See id.*

Finally, Mohorn's reliance on *United States v. Jackson*, 115 F.3d 843 (11th Cir. 1997), is misplaced. In *Jackson*, police officers discovered a package of suspected cocaine during a traffic stop. 115 F.3d at 844. The defendant was charged with substantive drug-related offenses and sentenced based on the weight of the entire package as a "mixture or substance containing a detectable amount of cocaine," despite the package containing 99 percent sugar and just 1 percent cocaine. *Id.* at 844-45. The cocaine was not mixed in, but rather, it was distributed on the surface to trick a potential buyer if a sample was requested. *Id.* at 844-45, 48. We determined "the

contents of the package was not a mixture" under the Guidelines and held "the district court erred in basing Jackson's sentence upon the weight of the entire unmarketable package" because he should have been sentenced based on the actual amount of cocaine in the package. *Id.* at 848-49.

In *Jackson*, the defendant was charged with substantive drug crimes, not conspiracy, and thus, the relevant quantity of narcotics was that which was actually seized—there was no evidence of a conspiracy to sell a larger amount. *Jackson*, 115 F.3d at 844-45. Thus, *Jackson*'s reasoning as to the marketability of the mixture is not applicable here, where there was a conspiracy to sell a specific, negotiated quantity of cocaine, and where Mohorn acted in furtherance of providing the negotiated amount.

Despite Mohorn's lack of immediate access to five kilograms of cocaine, Mohorn's attempts to provide it—in context of his belief that Higgs had access to cocaine, his conversations regarding the sale of multiple kilograms, and his offering a discount for five kilograms—is sufficient support for the district court's factual determination. *See Alston*, 895 F.2d at 1369-70. Accordingly, the district court did not clearly err in determining Mohorn conspired to deliver five kilograms of cocaine, and we affirm as to this issue.

## II. REASONABLENESS

### A. Procedural Reasonableness

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits a

procedural sentencing error when it imposes a sentence based on clearly erroneous facts, fails to calculate or improperly calculates the guideline range, fails to consider the § 3553(a) factors, treats the Guidelines as mandatory, or fails to explain the chosen sentence. *Id.*

The district court imposed a procedurally reasonable sentence because it did not rely on clearly erroneous facts, fail to properly calculate the Guidelines range, fail to consider the § 3553(a) sentencing factors, treat the Guidelines as mandatory, or fail to explain its chosen sentence. *See id.* First, Mohorn's argument the district court erroneously determined his drug quantity, and thus relied on clearly erroneous facts, fails for the reasons discussed above.

Second, the district court did not err in calculating Mohorn's Guidelines range, as it correctly determined his base offense level was 30, subtracted 3 levels based on acceptance of responsibility, subtracted an additional 2 levels for the safety valve provision, and determined the sentencing range for an individual with a criminal history category of II and an adjusted offense level of 25 is 63 to 78 months. U.S.S.G. §§ 2D1.1(a)(5), (b)(18); (c)(5); 3E1.1(a)(b); Ch. 5, Pt. A. The district court stated it had considered the § 3553(a) sentencing factors, which is supported by the court's explanation of its chosen sentence due to Mohorn's criminal history, despite his mitigating arguments regarding his health. *See Gall*, 552 U.S. at 51. Further, the court stated the Sentencing Guidelines are advisory,

and did not treat them as mandatory. *See id.* Accordingly, Mohorn's sentence was not procedurally unreasonable.

## B. Substantive Reasonableness

After ensuring that a sentence is procedurally sound, we then consider the substantive reasonableness of a sentence. *Id.* The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants. *Id*. § 3553(a)(1), (3)-(7).

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). A district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). We will vacate a district court's sentence as substantively unreasonable only if "left with the definite and firm conviction that the district court committed a

clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted).

Mohorn's below-Guidelines sentence was also substantively reasonable. The district court's recognition of Mohorn's mitigating arguments regarding his health, as well as its concern regarding his criminal history, demonstrates appropriate consideration of the relevant § 3553(a) factors. These considerations relate to the nature and circumstances of the offense, Mohorn's history and characteristics, as well as the need to provide just punishment and protect the public. 18 U.S.C. § 3553(a)(1)-(2). Additionally, the court acted within its discretion when it gave more weight to certain factors—such as the nature of Mohorn's offense and his history of criminal conduct—than to other factors—such as his history of medical issues. *See Kuhlman*, 711 F.3d at 1327.

Finally, Mohorn's 36-month term of imprisonment was significantly below the low end of the Guidelines range and the statutory maximum penalty, which further suggests his sentence was reasonable. *See United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021) (explaining "a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence"). Under these circumstances, the sentence imposed was not "outside the range of reasonable sentences dictated by the facts of the case." *See Goldman*, 953 F.3d at 1222. Accordingly, we affirm.

**AFFIRMED.**