[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16555

_____

D. C. Docket No. 94-00172-CR-J-20HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NESHARA GIONNE MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 22, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and FAY, Circuit Judges.

FAY, Circuit Judge:

This is an appeal from a district court order revoking appellant, Neshara Moore's ("Moore") term of supervised release and sentencing her to 18 months in prison for violating the terms of that release. The controlling issue in this case is whether or not the district court had subject matter jurisdiction over Moore by issuance of a valid summons under 18 U.S.C. § 3583(i). Moore contends that a valid summons was not issued prior to the expiration of her term of supervised release on June 10, 2004. Moore also raises various challenges to her sentencing, stating that the district court erred by (a) considering evidence not disclosed to Moore in imposing her sentence; (b) sentencing Moore based on underlying state conduct which the court said it would not consider; and (c) imposing a disproportionately harsh sentence. We disagree with the appellant and find no error in the district court's reasoning. We therefore affirm.

## I. <u>Background</u>

On November 3, 1994, Moore was indicted for conspiring to possess cocaine with intent to manufacture cocaine base, and on December 21, 1994, Moore pled guilty, pursuant to a plea agreement. The district court ordered Moore to serve the statutory minimum of 120 months in custody of the Bureau of Prisons, followed by 60 months of supervised release. The court later reduced Moore's sentence to 64 months based on her substantial assistance to the United States.

Moore began serving her 60-month term of supervised release on June 11, 1999. In April 2001, the district court modified the conditions of her supervised release due to a state conviction for obtaining goods by use of false credit cards. She was ordered to serve 3 months in a community correctional center.[1]

On May 30, 2004, Moore was arrested and jailed by the North Miami Beach Police for grand theft involving a vehicle. She posted bail on May 31, 2004. She failed to notify her probation officer of the arrest. On June 2, 2004, Moore's probation officer called to notify her that he was aware of the arrest. The probation office subsequently petitioned the court to issue a summons for Moore on the grounds that she violated the terms of her supervised release. On June 9, 2004, the United States Probation Office filed a petition for revocation of Moore's supervised release based on her violation of the following conditions: (1) that she not commit any crimes during her supervised release and (2) that she notify her probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

On the same day, the district court ordered issuance of the summons and the clerk's office forwarded an unsigned summons for Moore's appearance via facsimile and federal express from Jacksonville to the Miami probation office. On

---

[1] Apparently, she served an 18 month sentence by virtue of the state court conviction.

June 10, 2004, the clerk of court signed a summons for Moore's appearance in Jacksonville. Moore was served with a summons on June 15, 2004. The district court's docket sheet indicates that the summons was filed by the clerk's office and placed into the public record on June 23, 2004.

On October 26, 2004, the United States filed an amended petition detailing the criminal conduct which led to Moore's arrest in 2004, and which formed the basis for her revocation of supervised release. The petition alleged that on November 3, 2003, Moore fraudulently used the name, social security number, and date of birth of another to purchase a Mercedes. The Mercedes was reported stolen, and she was subsequently arrested on May 30, 2004 when involved in a car accident while driving the Mercedes.

On November 4, 2004, the court conducted a supervised release revocation hearing. Moore contended, among other things, that the court lacked jurisdiction over her pursuant to 18 U.S.C. § 3583(i)[2], which requires that a summons for

---

[2] Section 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

revocation of supervised release issue prior to the expiration of the supervised release term. Specifically, she argued that a valid summons was not issued prior to the expiration of her term of supervised release on June 10, 2004. The district court concluded that it had jurisdiction over Moore based on its factual finding that the court issued an order for a summons on June 9, 2004 and that the clerk of court signed a summons on June 10, 2004. The court determined that those two actions were sufficient to constitute issuance of a summons under § 3583(i).

During the hearing, the court stated that it would not consider matters other than grounds five and six of the amended petition (grounds one and two of the original petition), which were Moore's arrest and failure to report the arrest. Moore came to an agreement with the government in which she admitted to ground six of the amended petition (failure to notify her probation officer within seventy-two hours of arrest) and the government agreed, in turn, not to proceed on grounds one through five (crimes arising out of Moore's obtaining and using the Mercedes).

The district court sentenced Moore to 18 months imprisonment. The statutory maximum penalty for Moore's violation was five years in prison, and the guidelines range was three to nine months. The court noted that the guidelines comments suggest an upward departure from the recommended guidelines range

5

where (1) the Grade C violation is associated with a high risk of new felonious conduct, USSG §7B1.4, comment. (n.3), or (2) the defendant received a downward departure at the original sentencing, Id. at n.4. The court also expressed concern about whether Moore had learned a lesson.

Moore filed a corrected motion for arrest of judgment in which she re-asserted her motion to dismiss and argued that her technical violation did not justify such a harsh sentence. Moore also raised jurisdictional arguments, and contended that the district court improperly considered her conduct involving the Mercedes, her underlying criminal conduct involving the drug conviction, and some undisclosed conduct. The district court denied the motion. Moore now appeals her sentence.

## II. Discussion

Subject matter jurisdiction of the district court is a question of law subject to *de novo* review. United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002).[3] We review the district court's factual findings for clear error and its interpretation of the sentencing guidelines *de novo*. United States v. Auguste, 392 F.3d 1266,

---

[3] Moore also challenges the district court's personal jurisdiction based on her assertion that she was served with an unsigned copy of the summons. However, Moore waived this argument when she failed to raise it prior to the revocation hearing. See United States v. Kahl, 583 F.2d 1351,1356 (5th Cir. 1978)(unlike subject matter jurisdiction, objections to personal jurisdiction over a particular defendant may be waived).

1267 (11th Cir. 2004). We will uphold the sentence imposed by the district court if it is reasonable. See United States v. Booker, 125 S.Ct. 738, 765 (2005)(citing 18 U.S.C. § 3742(e)(3)(1994 ed.)); accord United States v. Sweeting, ___ F.3d ___, (11th Cir. 2006)(per curiam)(reasonableness standard in Booker is the same as the 'plainly unreasonable' standard in § 3742(e)(4)); United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005); United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005).

The district court had subject matter jurisdiction over Moore because a valid summons was issued on June 10, 2004, prior to the expiration of her supervised release. The district court's factual finding that the summons was issued on June 10, 2004 is not clearly erroneous and is supported by the record. As noted by the district judge, the date of June 10 appears on the actual summons, signed by the clerk, as the date of issuance. Moreover, the court's docket sheet reflects that the summons was executed on June 15 and returned to the clerk's office for filing on June 23. The district court concluded that the summons must have "issued" for purposes of § 3583(i) prior to the date of execution, which was June 15, 2004. It could not have, as appellant suggests, issued eight days after the date of execution, on June 23, 2004. Thus, the district court properly found that a valid summons was

issued on June 10, 2004.[4]

Furthermore, appellant's sentence was properly imposed. We find no merit in appellant's assertion that the district court considered improper information in determining Moore's sentence, or that the sentence imposed was in some way disproportionate to the conduct in question. Moore argues that the district court relied on undisclosed evidence in imposing her sentence. Specifically, the district judge commented that Moore might be implicated in other problems involving the car dealership where she obtained the Mercedes. This statement, however, was not made until after the imposition of her sentence and nothing in the record suggests that the district court relied upon the undisclosed matter.

Moreover, there is no evidence to suggest that the district court improperly considered conduct underlying Moore's arrest on May 30, 2004 in determining her sentence. 18 U.S.C. § 3583 directs the court to consider various factors in

---

[4] Moore argues that the summons does not meet the signature requirement under Fed. R. Crim. P. 4(b), however, Rule 4 does not apply to the present case. See United States v. Bernadine, 237 F.3d 1279, 1281 n.1 (11th Cir. 2001)("Rule 4 pertains to summons upon complaint and Rule 9 pertains to summons upon indictment or information... No other rule of criminal procedure, relevant statute or case law supports the application of Rules 4 or 9 in the context of a supervised release violation hearing where the court already has supervisory jurisdiction and authority over the defendant").

Moore further argues that the district court lacked jurisdiction because the amended petition for revocation was dated October 29, 2004, after her term of supervised release had expired. We disagree. The revocation was based on ground two of the original petition, which was filed prior to the expiration of Moore's supervised release term. The date on the amended petition is therefore irrelevant.

sentencing the defendant upon revocation of supervised release, including the history and characteristics of the defendant, (a)(1), and deterrence, (a)(2)(B).The court merely expressed concern over Moore's history and pattern of criminal behavior, and stated a specific concern that Moore learn a lesson. This does not mean, however, that Moore's sentence was based upon her May 2004 arrest rather than upon her admission of a failure to report that arrest. In fact, the district judge stated that the he would not delve "into the factual details" of that particular conduct and that the matter would "be resolved in another forum." The record, therefore, does not support appellant's assertion that the district court improperly considered Moore's underlying alleged state conduct.

Finally, Moore claims that the district court erred by imposing a sentence that represented a substantial upward departure, by considering the Sentencing Guidelines mandatory, by considering unsupported concerns in imposing the sentence, and by issuing a sentence disproportionate to her failure to report the arrest. To begin with, the record is devoid of any evidence that the district court considered the Sentencing Guidelines mandatory. The court simply relied upon commentary notes in the guidelines that recommend an upward departure where there exists "a high risk of new felonious conduct," USSG §7B1.4, comment. (n.3), or where "the original sentence was the result of a downward departure."

USSG §7B1.4, comment. (n.4). Thus, because the court was concerned with Moore's history of repeated violations, and because Moore previously had received a downward departure from her original 120 month sentence, the court properly departed from the advisory guidelines range based on §7B1.4.

## III. Conclusion

We find that the district court had subject matter jurisdiction over Moore by issuance of a valid summons under 18 U.S.C. § 3583(i). Furthermore, we conclude that the district court did not err in the imposition of her sentence. We therefore affirm the district court's ruling.

**AFFIRMED.**