[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11762
Non-Argument Calendar
_____

D. C. Docket No. 03-00139-CR-3-SLB-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ERIC WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 28, 2006)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Robert Eric Williams appeals the revocation of his supervised release,

pursuant to 18 U.S.C. § 3583.  At the revocation hearing, Williams conceded two

violations of the conditions of his release, namely testing positive for cocaine and failing to attend two drug counseling sessions. On appeal, Williams argues that these violations, which occurred months earlier, did not warrant a revocation of his supervised release. Williams contends that the revocation was the result of an overblown traffic incident and the district court's improper emphasis on his criminal history and original sentencing. We find that the district court was entitled to revoke his release on the basis of these conceded violations and to consider his criminal history in deciding the length of the sentence and accordingly, we affirm.

## Discussion

A district court's revocation of supervised release is generally reviewed under an abuse of discretion standard. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). However, we review for plain error those issues in which timely objections were not made in the district court. *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993). At the hearing, Williams contested the events surrounding his traffic stop, but failed to contest the district court's reliance on the drug violations in deciding to revoke his release. Instead, he merely asked the court to be lenient. We will therefore review the decision below for plain error.

To prevail under a plain error standard, Williams must prove the following: (1) there must be an error; (2) that error must be plain; and (3) it must affect substantial rights. *Olano,* 507 U.S. at 732, 113 S. Ct. at 1776. Additionally, we reverse the decision below only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings*." Id.* at 736, 113 S. Ct. 1779.

Under 18 U.S.C. § 3583(e), the court may, " revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court. . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). Williams concedes that he violated the terms of his release by missing two drug counseling sessions and testing positive for cocaine. Williams argues that these violations were technical in nature and absent allegations of disorderly conduct during a traffic stop, they would not have led to revocation of his sentence. Nevertheless, the district court expressly stated that it was basing its decision on these violations alone, and as revocation based on such violations comports with the statute, it was not plain error to do so. *See* § 3583.

The statute also "directs the court to consider various factors in sentencing the defendant upon revocation of supervised release, including the history and

3

characteristics of the defendant, (a)(1), and deterrence, (a)(2)(B)." *United States v. Moore*, 443 F.3d 790, 794 (11th Cir. 2006). We have also noted that, "the court can use its discretion in sentencing as long as it does not exceed the statutory maximum or fall below the statutory minimum sentence." *United States v. Williams*, 425 F.3d 987, 990 n.2 (11th Cir. 2005). Accordingly, we find that it was not plain error for the district court to consider Williams' criminal history in deciding the length of the sentence. *Moore,* 443 F.3d at 794.

As we find no reversible error, we affirm the decision below.

**AFFIRMED.**