[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11343
Non-Argument Calendar

_____

D. C. Docket No. 98-00401-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE DIXSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 9, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Antoine Dixson appeals pro se the denial of his motion challenging the

enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The district court denied Dixson's motion. We vacate that order and remand with instructions to dismiss the motion for lack of jurisdiction.

We review de novo the subject matter jurisdiction of the district court. United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006). A district court does not have authority to modify a sentence, except to the extent provided by the federal statutory provisions that control sentencing and the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). We have stated that federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

The district court correctly concluded that it lacked jurisdiction to entertain Dixson's motion. Dixson was sentenced in 2000, filed a collateral challenge to his sentence in 2002 that was denied on the merits, 28 U.S.C. § 2255, and has not obtained permission from this Court to file a successive motion, id. § 2244(b)(3)(A). Dixson is not entitled to pursue relief under the savings clause because he did not allege in his motion that a decision of the Supreme Court applies retroactively to establish that he was convicted for a nonexistent offense.

2

id. § 2241.

Even if we construe Dixson's filing as a motion for modification of his sentence, 18 U.S.C. § 3582, the district court lacked the authority to entertain the motion. The government did not file a motion to reduce Dixson's sentence and Dixson's motion was filed more than seven days after sentencing. See id. § 3582(b)(2); Fed. R. Crim. P. 35(a), (b); United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000). Dixson did not identify an amendment to the Sentencing Guidelines that applies retroactively to lower his guideline range, 18 U.S.C. § 3582(c)(2), and the Director of the Bureau of Prisons did not move to reduce Dixson's sentence, id. § 3582(c)(1)(A).

The district court technically erred in its disposition of Dixson's motion. Because the district court denied, rather than dismissed, Dixson's motion, we vacate its order and remand with instructions to dismiss the motion for lack of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**