[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15488
Non-Argument Calendar

_____

D. C. Docket No. 03-00209-CR-02-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 25, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In this direct appeal, Roderick Brown appeals (1) his 120-month concurrent

sentences for conspiracy to distribute cocaine and possession with intent to distribute cocaine and (2) his conviction and 60-month consecutive sentence for possession of a firearm during a drug trafficking crime. After review, we affirm.

## I. BACKGROUND

After filing a 28 U.S.C. § 2255 motion, Brown was granted this out-of-time direct appeal. On appeal, Brown argues that: (1) the district court erred at his resentencing; (2) the government's § 851 enhancement notice was ineffective; and (3) his conviction on Count 8 is invalid. We first review Brown's original district court proceedings, his § 2255 motion, and his resentencing.

### A.    Guilty Plea

Brown was charged with nine counts, but pled guilty only to these three counts: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 (Count 1); (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 851 and 18 U.S.C. § 2 (Count 7); and (3) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 8).

The government filed a sentencing-enhancement notice, under 21 U.S.C. § 851, listing Brown's two state felony drug trafficking convictions. The § 851 notice stated that it would rely on those convictions "for the purpose of invoking

2

the enhanced punishment provisions of Title 21, United States Code, Sections 841(b)(1)(C) and 851, as to any sentence imposed upon the Defendant, upon his conviction of the charges contained in the present case." The government served defense counsel with the § 851 notice "by facsimile."

Brown pled guilty to Counts 1, 7, and 8 in exchange for dismissal of the remaining six counts. The plea agreement expressly noted that Brown would be subject to these penalties: (1) on Counts 1 and 7, a mandatory minimum of 10 years' and up to life imprisonment and (2) on Count 8, a mandatory consecutive term of five years' imprisonment. Although the § 851 notice referred to § 841(b)(1)(C), the plea agreement's reference to a 10-year mandatory minimum is the correct sentence required by § 841(b)(1)(B).[1]

The plea agreement also contained a waiver of Brown's right to appeal or

---

[1]Section 841(b)(1)(B) is the penalty provision for violations of § 841(a) involving, inter alia, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, which was the drug quantity charged in Counts 1 and 7. 21 U.S.C. § 841(b)(1)(B)(ii). Section 841(b)(1)(B) requires a mandatory minimum sentence of five years' imprisonment and allows up to 40 years' imprisonment for a § 841(a) violation involving this drug quantity of cocaine. Id. § 841(b)(1)(B). However, if a person commits such a violation after being convicted of a felony drug offense, § 841(b)(1)(B) requires a mandatory minimum sentence of 10 years' imprisonment and allows up to life imprisonment. Id.

Section 841(b)(1)(C) does not apply to Brown's case as it is the penalty provision for offenses involving the drugs gamma hydroxybutyric acid and flunitrazepam and the controlled substances in schedules I and II of 21 U.S.C. § 812(c), none of which was charged in Counts 1 and 7. 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(C) imposes a maximum sentence of 20 years' imprisonment for violations involving such drugs. Id. If a person commits such a violation after a felony drug conviction, § 841(b)(1)(C) imposes a maximum sentence of 30 years' imprisonment. Id. Section 841(b)(1)(C) does not impose a mandatory minimum sentence in either situation. Id.

3

collaterally attack his sentence "[t]o the maximum extent permitted by federal law," unless the sentence resulted from "an upward departure from the otherwise applicable sentencing guideline range" or the government appealed. The government agreed to recommend a sentence at the low end of the guidelines range.

At the plea hearing, the government made the following factual proffer of Brown's offense conduct:

> [I]n the summer of 2002 an agent or officers from the Dekalb County drug task force began an investigation into the codefendant Gwendolyn Brown, and as part of this investigation a Dekalb County police officer went undercover and began purchasing cocaine from Gwendolyn Brown. It became apparent to them right away that she was being supplied from somewhere, and during the course of the investigation, specifically late in the summer, the undercover officer was present when the defendant, Mr. Roderick Brown, delivered a quantity of cocaine to Ms. Gwendolyn Brown, no relation by the way, your honor, so that Ms. Gwendolyn Brown could then sell the cocaine to the undercover officers. Once the officers were able to identify the defendant Roderick Brown, they set up a deal with Gwendolyn Brown and at the same time set up surveillance on Mr. Roderick Brown's apartment in Smyrna, Georgia.
>
> When the deal was set up, Ms. Gwendolyn Brown said she had to call her supplier. She placed a phone call, which phone records indicated was placed to Roderick Brown. The agents surveilling Mr. Brown's apartment actually saw him leave the apartment then right after the phone call was made, return to the apartment, get a paper bag, bring it out to his car and leave on interstate county 20 to come to Dekalb County.
>
> Police officers stopped Mr. Brown in his vehicle on interstate 20 just before he got to the exit where Ms. Gwendolyn Brown was waiting. Inside his vehicle, in the paper bag he had been seen

4

carrying, was a quantity of cocaine, about 725 grams of powder cocaine. Additionally, in the vehicle with him was a Taurus 357 caliber revolver.

Brown agreed with the government's factual proffer of his offense conduct.

At the plea hearing, the district court read Counts 1, 7, and 8, including the references to 21 U.S.C. § 841(b)(1)(B) in Counts 1 and 7. The government then reviewed the statutory sentencing ranges on each count, explaining that Counts 1 and 7 had a mandatory minimum of 10 years' imprisonment. The district court reviewed the sentence appeal waiver with Brown, and Brown said that he understood it. The district court accepted Brown's guilty plea.

**B.      Sentencing**

The Presentence Investigation Report ("PSI") calculated Brown's offense level as 25 and criminal history category as I, which yielded an advisory guidelines range of 57 to 71 months' imprisonment. However, the PSI noted that the drug Counts 1 and 7 carried mandatory minimum sentences of 120 months' imprisonment and that the firearm Count 8 carried a mandatory consecutive term of 60 months' imprisonment.

At the sentencing hearing in April 2004, the district court again reviewed the mandatory minimum sentences. Brown's counsel conceded that "there is nothing the court can do at this point, nothing I can do, so that would leave a sentence of

180 months." The district court sentenced Brown to concurrent terms of 120 months' imprisonment on Counts 1 and 7, followed by a consecutive term of 60 months' imprisonment on Count 8.

On April 26, 2004, the district court entered judgment on Brown's convictions and sentences. Brown's counsel did not file a notice of appeal. Instead, Brown filed a pro se notice of appeal six months later, which this Court sua sponte dismissed for a lack of jurisdiction.

## C.    Section 2255 Motion to Vacate

Subsequently, Brown filed a pro se 28 U.S.C. § 2255 motion to vacate his sentence challenging his sentence and plea agreement as illegal and his trial counsel as ineffective. Brown asserted that his attorney never filed a notice of appeal, even though Brown wanted to appeal and his attorney agreed to file the notice. Brown later informed the district court that he wished to pursue only this denial-of-appeal claim. Brown requested that the district court vacate his sentences, reimpose the same sentences (with or without a hearing), and allow him to proceed on direct appeal.

In March 2006, the district court denied Brown's § 2255 motion, and Brown timely appealed. The district court granted him a certificate of appealability on the issue of whether "he was denied effective assistance of counsel when his attorney

6

allegedly failed to file a notice of appeal on his behalf, despite his alleged request that his attorney do so."

While Brown's appeal of the denial of his § 2255 motion was pending in this Court, the government moved the district court to hold an evidentiary hearing on (1) whether Brown requested his attorney to file a notice of appeal and (2) if not, whether Brown's attorney adequately consulted with him about an appeal. The government contemporaneously moved this Court to stay Brown's § 2255 appeal, and we did so. The district court granted the government's motion for an evidentiary hearing. This Court then granted the government's motion to remand Brown's case to the district court and entered an order stating, "This matter is REMANDED IN FULL."

At the § 2255 evidentiary hearing, Brown and Daniel Kane, Brown's former counsel, testified. The district court then entered an order finding that Kane was ineffective for failing to consult with Brown about the advantages and disadvantages of a direct appeal. In Brown's § 2255 case, the district court granted Brown an out-of-time direct appeal.

Brown filed a motion for reconsideration of the district court's order in his § 2255 case. Brown noted that he never filed a motion for an out-of-time direct appeal, but rather filed a § 2255 motion asking that his sentences be vacated.

7

Brown argued that the district court failed to comply with this Court's "remand in full" and should have held a new sentencing hearing to address Brown's sentencing arguments. Brown argued to the district court that the government's § 851 notice incorrectly cited § 841(b)(1)(C), which did not provide for an enhancement of the mandatory minimum sentences for the offenses charged in Counts 1 and 7. Brown argued that his original sentences on Counts 1 and 7 thus were illegally based on incorrect mandatory minimum sentences.

The district court granted Brown's motion for reconsideration. The district court stated that it erred in saying it was granting Brown's motion for an out-of-time appeal because Brown had filed only a § 2255 motion. The district court amended its order to state that it was granting Brown's § 2255 motion, vacating his original judgment and sentences, and scheduling a resentencing hearing.[2]

## D. Resentencing

Before the resentencing hearing, Brown filed a memorandum reiterating his previous claim that the government's § 851 notice was ineffective and that the mandatory minimum sentences for Counts 1 and 7 should have been 60, not 120, months' imprisonment. As to the indictment, Brown argued that it failed to allege a crime under § 924(c) on Count 8 because it stated that he "possessed" a firearm

_____

[2]The government did not appeal this order.

8

"during and in relation to" a drug trafficking crime, instead of alleging that he "possessed" a firearm "in furtherance of" a drug trafficking crime or "used or carried" a firearm "during and in relation to" a drug trafficking crime.

In response, the government (1) filed an amended § 851 notice changing the enhancement citation from 21 U.S.C. § 841(b)(1)(C) to § 841(b)(1)(B), (2) argued that the § 851 notice timely placed Brown on notice of his two prior convictions on which the government relied, and (3) pointed out that Brown was not entitled to a de novo resentencing because this Court did not vacate Brown's sentences but remanded only on the issue of his counsel's failure to file a notice of appeal. The government also argued that Brown could not now challenge the indictment without withdrawing his guilty plea.

At the resentencing hearing, the district court declined to consider any of Brown's arguments and simply re-imposed Brown's original sentences.[3] Brown timely appealed the district court's order reimposing his original sentences.

## II. DISCUSSION

### A. Reimposition of Original Sentences

Brown argues that the district court erred in reimposing his original sentences and declining to consider his sentencing arguments in light of this

---

[3]After the resentencing hearing, Brown filed a supplemental memorandum, arguing that the § 851 notice was served improperly on Brown's counsel by facsimile.

Court's remand in full.[4]  In similar § 2255 cases where a district court found a defendant was denied his right to a direct appeal, we have instructed that the sentences should be vacated and reimposed to allow a timely appeal, as follows:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by [Federal Rule of Appellate Procedure] 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).  In following this Phillips procedure, a district court is not required to hold a resentencing hearing. United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005).  Accordingly, after finding that Brown was entitled to an out-of-time direct appeal, the district court properly followed the Phillips procedure by reimposing Brown's original sentences to allow that direct appeal.

Brown also argues that this Court's remand permitted the district court to consider any sentencing issue anew.  Brown relies on United States v. Jones, 36 F.3d 1068, 1069-70 (11th Cir. 1994), where the district court was allowed to

---

[4]We review de novo questions of law, including a district court's determination regarding the scope of its legal authority.  United States v. Martinez, 241 F.3d 1329, 1330 (11th Cir. 2001).

10

consider the defendant's drug quantity challenge on remand. <u>Jones</u>, however, involved the district court's authority to consider sentencing issues after this Court had vacated the defendant's sentence on direct appeal and remanded in full to the district court. <u>Id.</u> In contrast, our remand here came on appeal of the denial of Brown's § 2255 motion. This Court did not vacate Brown's original sentences. Rather, we remanded to the district court, on request by the government, for an evidentiary hearing on Brown's § 2255 claim that his counsel was ineffective for failing to file a notice of appeal. Because the procedural posture of this case was akin to <u>Phillips</u>, not <u>Jones</u>, the district court properly followed the <u>Phillips</u> procedure after awarding Brown an out-of-time direct appeal.

## B. Brown's Direct Appeal as to § 851 Notice

In his direct appeal, Brown challenges his drug sentences on the grounds that the government's § 851 notice was ineffective because (1) it was served by facsimile and (2) it cited 21 U.S.C. § 841(b)(1)(C), rather than § 841(b)(1)(B), as the relevant penalty provision.[5] Because the § 851 notice was deficient, Brown argues that the district court lacked jurisdiction and power to increase his drug

---

[5]To the extent that Brown argues that his trial counsel was ineffective for failing to object to his sentences on the grounds that he raises now, we decline to consider those issues on direct appeal. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694 (2003). The district court's evidentiary hearing was limited to the issue of whether Brown's trial counsel should have filed a notice of appeal. Ineffective counsel claims generally are heard on collateral review where the record can be developed. Also, the issue of whether his ineffective assistance of counsel claims were waived by his sentence appeal waiver can be addressed at that time.

11

sentences from a 60-month to a 120-month mandatory minimum.[6] The government responds that Brown's claims are barred by his sentence appeal waiver.

A defendant may waive his right to appeal his sentence as part of a plea agreement. United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999). But we have stated that "a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a)" and that "this jurisdictional defect is not waivable." Harris v. United States, 149 F.3d 1304, 1306, 1309 (11th Cir. 1998) (concluding that a challenge to a § 851 notice was not procedurally defaulted, even where the defendant did not raise it in the district court or on direct appeal, because the issue is jurisdictional).[7] The government stresses that Brown's case is materially different from Harris, where the government did not file a § 851 notice at all until after the defendant's guilty

---

[6]We review de novo the adequacy of a § 851 notice. United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007). "Subject matter jurisdiction of the district court is a question of law subject to de novo review." United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006).

[7]This Court in Harris explained that:
"An enhanced sentence is a special remedy prescribed by the Congress; prosecutorial discretion is vested in the executive branch of the government, and the district court has no authority to exercise it or pretermit it. . . . Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine."
149 F.3d at 1306 (quoting United States v. Olson, 716 F.2d 850, 853 (11th Cir. 1983)).

12

plea and Harris had not agreed to a sentence appeal waiver. We have not had an opportunity previously to apply <u>Harris</u> in a case where a defendant has a sentence appeal waiver and the § 851 notice was timely filed before the plea. But we need not confront these thorny jurisdictional and waiver issues here because, as outlined below, both of Brown's challenges to the § 851 notice lack merit in any event.

First, Brown argues that the government did not properly serve his counsel with the § 851 notice. <u>See</u> <u>United States v. Novaton</u>, 271 F.3d 968, 1015 (11th Cir. 2001). Although the government timely served the § 851 notice on Brown's counsel and Brown admits the notice was received, Brown complains that the service was by facsimile and his counsel had not consented in writing to service by electronic means.[8] Section 851 itself does not specify how service shall be made. Rather, Brown is relying on the service procedures in the federal rules. However, Brown made no objection to the form of service in the district court. Furthermore, we have upheld § 851 notices where the government technically did not comply with § 851. <u>See, e.g.</u>, <u>United States v. Weaver</u>, 905 F.2d 1466, 1481 (11th Cir. 1990) (upholding § 851 notice where the government filed a § 851 notice four days after the start of trial, which was contrary to § 851(a)'s requirement that the notice

---

[8]<u>See</u> Fed. R. Crim. P. 49(b) (noting that "[s]ervice must be made in the manner provided for a civil action"); Fed. R. Civ. P. 5(b)(2)(E) (stating that "[a] paper is served under this rule by . . . sending it by electronic means if the person consented in writing").

be filed before trial, because "[b]y personally serving [the defendant] and his counsel with a copy of the information prior to trial, and by advising the court orally that it was filing an information for purposes of sentence enhancement, the government complied with the mandatory requirements of section 851"); see also Perez v. United States, 249 F.3d 1261, 1266-67 (11th Cir. 2001) (upholding § 851 notice where the government listed the incorrect date of the defendant's prior conviction).

As in Weaver, the government here complied with § 851(a) by filing the § 851 notice with the court and by timely sending it to Brown's attorney before his guilty plea. Neither Brown's attorney nor Brown claimed that he did not receive the government's § 851 notice. And, as noted above, there was no objection to service by facsimile in the district court. Thus, as in Weaver, we conclude that the government's notice complied with § 851(a).

Second, Brown argues that the district court lacked jurisdiction to enhance his drug sentences because the government's § 851 notice incorrectly cited the penalty provision in § 841(b)(1)(C) instead of § 841(b)(1)(B).[9] In Perez, we addressed a similar challenge to a technical error in the contents of a § 851 notice. The government's § 851 notice incorrectly stated that the defendant's prior

---

[9]See supra note 1.

conviction occurred in 1991 instead of 1992. Perez, 249 F.3d at 1263. This Court concluded that the government's notice complied with § 851(a) because it was timely filed with the court, was timely served upon the defendant's counsel, and described the prior conviction. Id. at 1266. We said that, "[d]espite the incorrect last digit in the year of the prior conviction, the Original Information unambiguously signaled the government's intent to rely upon a specific prior cocaine conviction in Florida to enhance [the defendant's] sentence." Id. This Court also noted that the defendant "does not allege any confusion as to which conviction the government referred" in the § 851(a) notice. Id. at 1267.

Here, the government similarly complied with § 851's requirements, despite the incorrect citation to § 841(b)(1)(C). The government timely filed the notice with the court and timely served Brown's counsel with the notice. The § 851 notice correctly listed Brown's prior convictions. Despite the citation error, Brown was fully aware that the penalty provisions of § 841(b)(1)(B) applied because: (1) Counts 1 and 7 expressly charged Brown under § 841(b)(1)(B); (2) the plea agreement stated that the mandatory minimum sentences on Counts 1 and 7 were 10 years, and 10 years is the enhanced sentence provided for in § 841(b)(1)(B); and (3) Brown acknowledged those mandatory minimum 10-year terms at the plea hearing and sentencing. Brown never expressed any confusion regarding the

15

contents of the § 851 notice or the applicable mandatory minimum 10-year sentences during the original district court proceedings.

For these reasons, we affirm Brown's 120-month concurrent sentences on the drug Counts 1 and 7.[10]

## C.    Insufficient Charge in Count 8

Brown also claims that his conviction on Count 8 is invalid because the indictment failed to allege a federal crime under 18 U.S.C. § 924(c). A defendant violates section 924(c) if he (1) "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm" or (2) "in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Count 8 alleged that Brown "during and in relation to a drug trafficking crime . . . did knowingly possess a firearm." Brown contends that the indictment failed to charge a § 924(c) offense because it combined the "during and in relation to" part of the first prong of § 924(c)(1)(A) with the "possesses a firearm" part of the second prong of § 924(c)(1)(A).[11]

It is clear that Count 8 of the indictment was defective in that it did not correctly state the elements of a § 924(c) offense. The question here is whether

---

[10]We deny the government's January 16, 2009 motion to dismiss Brown's appeal.

[11]As noted earlier, we review de novo questions of subject matter jurisdiction. Moore, 443 F.3d at 793.

16

that defect invalidates Brown's guilty plea to Count 8. Before we can address that issue, however, we must first determine whether Brown waived this indictment-defect argument by pleading guilty. An unconditional guilty plea waives all non-jurisdictional challenges to a defendant's conviction. United States v. Betancourth, 554 F.3d 1329, 1332 (11th Cir. 2009). Brown argues that an indictment's failure to allege a federal offense is a jurisdictional defect that cannot be waived.

To resolve Brown's argument, we review the decisions in United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002), and United States v. Peter, 310 F.3d 709 (11th Cir. 2002), which clarified that not all defects in an indictment are jurisdictional. In Cotton, the indictment charged the defendants with two drug crimes but did not allege a drug quantity. 535 U.S. at 627-28, 122 S. Ct. at 1783. The district court made a drug quantity finding that increased the statutory maximum sentences and sentenced the defendants accordingly. Id. at 628, 122 S. Ct. at 1784. The Supreme Court addressed whether the omission from the indictment of a fact that increased the statutory maximum sentence, i.e., the drug quantity, was a jurisdictional defect. Id. at 629, 122 S. Ct. at 1784.

In Cotton, the Supreme Court explained that the view that indictment defects were jurisdictional derived from Ex parte Bain, 121 U.S. 1, 7 S. Ct. 781 (1887), and was "a product of an era in which this Court's authority to review criminal

17

convictions was greatly circumscribed." Cotton, 535 U.S. at 629, 122 S. Ct. at 1784. "The Court's desire to correct obvious constitutional violations led to a somewhat expansive notion of jurisdiction, which was more a fiction than anything else." Id. at 629, 122 S. Ct. at 1784-85 (internal quotation marks and citations omitted). The Supreme Court assessed that "Bain's elastic concept of jurisdiction is not what the term 'jurisdiction' means today, i.e., the courts' statutory or constitutional power to adjudicate the case." Id. at 630, 122 S. Ct. at 1786 (internal quotation marks omitted). After reviewing its precedent after Bain, the Supreme Court stated that "this Court some time ago departed from Bain's view that indictment defects are 'jurisdictional'" and concluded that "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction, Bain is overruled." Id. at 631, 122 S. Ct. at 1785.

This Court then applied Cotton in United States v. Peter, 310 F.3d 709 (11th Cir. 2002). In Peter, we noted that the Supreme Court rejected the view that all indictment defects are jurisdictional and that this Court had distinguished between indictment omissions (such as failing to allege an element of an offense) and indictments that affirmatively alleged conduct that either is not proscribed by the charging statute or is beyond the sweep of the charging statute. 310 F.3d at 713-14 (discussing our prior decisions in United States v. Tomeny, 144 F.3d 749 (11th Cir.

18

1998), <u>McCoy v. United States</u>, 266 F.3d 1245 (11th Cir. 2001), and <u>United States v. Sanchez</u>, 269 F.3d 1250 (11th Cir. 2001) (<u>en banc</u>)).  Defendant Peter's guilty plea to conspiring to violate the Racketeering Influenced and Corrupt Organizations Act ("RICO") and the predicate crime of mail fraud was based on his admission that he made misrepresentations in license applications that he mailed to a Florida state agency.  <u>Id.</u> at 711.  Because mail fraud offenses require that the object of the fraud be property and state licenses do not constitute such property, the defendant argued that his RICO conviction was invalid because his conduct was not a crime under the predicate mail fraud statute.  <u>Id.</u>

In <u>Peter</u>, this Court agreed with the defendant that "the Government affirmatively alleged a specific course of conduct [i.e., mailing state license applications containing misrepresentations] that is outside the reach of the mail fraud statute."  <u>Id.</u> at 715.  Thus, the indictment charged a non-offense.  <u>Id.</u>  In <u>Peter</u>, we also pointed out that in <u>Cotton</u> "the prosecution's evidence had been 'overwhelming and essentially uncontroverted' on the very point of fact which the indictment had erroneously failed to allege."  <u>Id.</u> at 714 (quoting <u>Cotton</u>, 535 U.S. at 633, 122 S. Ct. at 1786).

In Brown's case, the indictment defect was an omission of an element of the charged crime and not an affirmative allegation of conduct beyond the reach of the

19

charging statute. As an initial matter, Count 8 specifically referred to 18 U.S.C. § 924(c) and thus provided Brown with adequate notice of the charge against him. See United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998) ("If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge."); United States v. Stefan, 784 F.2d 1093, 1101-02 (11th Cir. 1986) ("[W]hen the indictment specifically refers to the statute on which the charge was based, the statutory language may be used to determine whether the defendant received adequate notice.").

And, importantly, at the plea hearing, Brown admitted to conduct that established the omitted element of the charged crime. The government proffered these facts, which Brown admitted: (1) the government arranged a controlled drug transaction through Gwendolyn Brown, a woman to whom Brown previously had sold drugs; (2) immediately after the phone call with Gwendolyn Brown, officers saw Brown leave his apartment with a paper bag and enter his car; (3) officers stopped Brown in his vehicle just before he got to the interstate exit where Gwendolyn Brown was supposed to be waiting; and (4) a search of Brown's vehicle recovered the paper bag he had been seen carrying, which contained about 725 grams of powder cocaine, and a Taurus 357 caliber revolver. This conduct

20

clearly falls within and establishes both of § 924(c)'s prongs.  See United States v.

Timmons, 283 F.3d 1246 (11th Cir. 2002) (concluding evidence that defendant

carried a shoe-box containing a firearm and drugs to an arranged transaction was

sufficient to show he "carried" the firearm "during and in relation to" a drug

trafficking crime and that the  bulletproof vest, crack cocaine, loaded firearms, and

ammunition seized from defendant's home was sufficient to show that he

possessed the firearms "in furtherance of" drug trafficking); United States v.

Wilson, 183 F.3d 1291, 1295-96 (11th Cir. 1999) (concluding evidence was

sufficient to support a § 924(c) conviction where defendant was arrested in a

vehicle containing two bottles of crack cocaine under the front seats and had a

pistol on the dashboard); United States v. Range, 94 F.3d 614, 617 (11th Cir. 1996)

(concluding evidence was sufficient to support a § 924(c) conviction where the

defendant was arrested in the process of an arranged cocaine transaction and a

loaded pistol and bag containing $40,000 in cash was found under the mat by the

front seat of his vehicle).

Thus, the particular indictment omission in this § 924(c) case did not deprive

the district court of power to adjudicate Brown's case or to accept Brown's guilty

plea.  Rather, the indictment defect here is non-jurisdictional and was waived by

21

Brown's guilty plea.[12]

### III. CONCLUSION

We affirm Brown's 120-month concurrent sentences on Counts 1 and 7 and his § 924(c) conviction and sentence on Count 8.

**AFFIRMED.**

---

[12]We note that Brown does not argue that his guilty plea was not knowing and voluntary.

22