# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

Lyle W. Cayce
Clerk

No. 09-30738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIM HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:94-CR-65-1

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tim Hall appeals the 60-month sentence imposed upon the revocation of his supervised release. Hall was previously convicted of one count of conspiracy to possess with intent to distribute cocaine base and sentenced to 135 months in prison and to five years of supervised release.

The Government alleged that Hall violated the terms of his supervised release as follows: (1) he tested positive for cocaine in 2006, (2) he was arrested for aggravated assault and possession of a firearm in 2006, (3) he was arrested

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for possession of a controlled substance with intent to deliver and evading arrest in 2008, (4) he associated with a convicted felon in connection with the 2008 arrest, and (5) he failed to notify his probation officer within 72 hours of his arrest in 2006. During the revocation hearing, Officer Bobby Hopson testified, *inter alia*, about two uncharged incidents in which Hall had attempted to flee from arrest. Hall had not been given notice that the evidence of this uncharged conduct would be introduced.

Halls contends on appeal (1) that the district court erred by relying on his uncharged misconduct when determining his sentence and (2) that his sentence is substantively unreasonable in light of the fact that his violations of the conditions of supervised release were relatively minor and occurred over a period of four years. Hall did not object to his sentence as unreasonable *or* alert the district court to the legal argument he now presents. Review is therefore for plain error. *United States v. Hernandez-Martinez*, 485 F.3d 270, 272 (5th Cir. 2007).

To show plain error, Hall must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Prior to *United States v. Booker*, 543 U.S. 220 (2005), this court would uphold a sentence imposed after a revocation of supervised release unless it violated the law or was plainly unreasonable. *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000) (citations omitted). In *Booker*, however, the Supreme Court directed appellate courts to review sentences for reasonableness. 543 U.S. at 259-62. This court has declined to resolve which standard of review applies to revocation sentences after *Booker*. *United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005). However, we need not decide whether the revocation

sentence was either unreasonable or plainly unreasonable, because we hold that the plain error standard of review forecloses appellate relief for Hall.

In the first place, it is not clear that the district court would have erred by relying on uncharged conduct in deciding how to *sentence* Hall for violating the terms of his supervised release. Sentencing upon the revocation of supervised release is governed by 18 U.S.C. § 3583(e)(3), which provides that a court may revoke a term of supervised release and require the defendant to serve all or part of the term in prison "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" of Title 18. 18 U.S.C.A. § 3583(e) (West Supp. 2010). Federal Rule of Criminal Procedure 32.1(b)(2) provides that a defendant must have notice of all grounds upon which revocation will be sought. However, it does not expressly require notice of all information the court may decide to consider at sentencing under the Section 3553(a) factors after the decision to revoke has been made. Although several circuits, including this one, have assumed *arguendo* that it would be improper to sentence a defendant on the basis of conduct presented to the court without notice, we have been unable to find any case where a court was forced to decide the issue. *See, e.g.*, *United States v. Berry*, 583 F.3d 1032, 1033–34 (7th Cir. 2009) (finding that, contrary to the plaintiff's assertion, the district court did not rely on uncharged conduct in deciding the defendant's revocation sentence); *United States v. Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007) (finding that it could not be shown on plain error review that uncharged conduct mentioned by the district court had actually been considered in reaching the defendant's revocation sentence); *United States v. Moore*, 443 F.3d 790, 794 (11th Cir. 2006) (finding no evidence to suggest that the district court had relied on uncharged conduct in reaching its sentence).

Likewise, we decline to decide the issue in this case, because the record does not establish Hall's contention that the district court relied on uncharged misconduct when determining his sentence. Although the district court heard

testimony regarding Hall's flight, the district court expressly refused to consider it in deciding whether or not to revoke his sentence. Hall argues that this implicitly means the court considered the uncharged conduct in deciding how to sentence him. However, he did not object at his hearing, so it is impossible to tell if the court actually considered the uncharged conduct in sentencing him or not. Furthermore, the district court expressly noted that Hall had a lengthy criminal history and stated that it based its sentence on the need to deter future similar conduct. Hall does not contend, nor could he, that these factors were improper. *See* 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010). Therefore, because Hall did not object to his sentence and give the district court an opportunity to clarify its reasons, and because the record clearly establishes that the district court considered several factors that were unquestionably proper, any error committed by the district court was not plain. *See Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007).

Although Hall's sentence exceeds the advisory guidelines range, it is not substantively unreasonable. The district court noted Hall's extensive criminal history, correctly determined the advisory guidelines range, expressly stated that it had considered the policy statements, and stated that its sentence was based on the need to deter future similar conduct and to provide just punishment. This court has affirmed sentences that deviated more from the advisory range than Hall's. *E.g.*, *United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *Hernandez-Martinez*, 485 F.3d 270, 271, 274 (upholding departure from guidelines range maximum of 10 months to 46 months). Based on the foregoing, the district court did not plainly err by sentencing Hall to 60 months in prison.

Accordingly, the district court's judgment is AFFIRMED.