[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2012
JOHN LEY
CLERK

No. 11-14183; 11-14184
Non-Argument Calendar
_____

D.C. Docket Nos. 1:01-cr-00033-MP-AK-1, 1:08-cr-00019-MP-AK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN TREMAYNE WHITE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(March 5, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Kelvin White challenges his total 84-month

sentence imposed upon revocation of his two concurrent supervised-release terms.

At the revocation hearing, the district court found—based on White's no contest plea and the government's factual proffer—that White had violated the terms of his supervised release by trafficking in cocaine. The district court heard White's evidence in mitigation and allocution. The district court then, without further comment, sentenced White to 60 months as to case number 1:01-cr-33 and 24 months as to case number 1:08-cr-19, with the terms to run consecutively.

White objected to the 60-month term as outside the guidelines range and to the imposition of consecutive terms. In response, the district court stated, "It is beyond the advisory guideline range but it is not beyond the statutory range."[1] The district court then implicitly overruled White's objections, noting that the "objections are on the record."

On appeal, White argues that the district court erred because it did not mention White's advisory guidelines range or the 18 U.S.C. § 3553(a) factors or explain the sentences it imposed, one of which apparently included an upward variance to the statutory maximum. The government concedes error and agrees

---

[1]According to the probation officer's memorandum, to which the district court did not refer during the revocation proceedings, the statutory maximum prison term the district court could impose in case number 1:01-cr-33 was 60 months and the applicable guidelines range was 46 to 57 months. For case number 1:08-cr-19, the statutory maximum and the applicable guidelines range was 24 months.

that remand is warranted.

After reviewing the transcript of the revocation proceedings, we conclude that the record is insufficient to determine whether the district court calculated advisory guidelines ranges or considered the § 3553(a) factors in imposing White's prison terms. The district court did not identify the criminal classification for White's violation or the applicable guidelines ranges under U.S.S.G. § 7B1.1. The district court also did not state that it had considered the § 3553(a) factors or explain the chosen sentences in a way that would indicate it had considered the § 3553(a) factors. Accordingly, we vacate White's sentences and remand to the district court for resentencing in accordance with United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2007), and United States v. Quinones, 136 F.3d 1293, 1294-95 (11th Cir. 1998).[2] Because we conclude that the record is insufficient for appellate review, we do not address the reasonableness of the sentences imposed.

**VACATED AND REMANDED FOR RESENTENCING.**

---

[2]See United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2007) (vacating and remanding where district court failed to mention advisory guidelines range or the criminal classification for the defendant's violation during revocation hearing); United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (requiring sentencing court to consider, inter alia, the § 3553(a) factors and the sentencing range before revoking supervised release and imposing a prison term); United States v. Quinones, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (applying § 3584 to revocation proceedings); see also 18 U.S.C. § 3584(b) (requiring sentencing court to consider § 3553(a) factors in determining whether to impose concurrent or consecutive terms).