[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16214; 12-16215
Non-Argument Calendar

_____

D.C. Docket Nos. 1:01-cr-00033-MP-AK-1
1:08-cr-00019-MP-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN TREMAYNE WHITE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(February 19, 2014)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Kelvin Tremayne White appeals the district court's revocation of his supervised release and imposition of a total prison sentence of 84 months. After review, we affirm.

## I. BACKGROUND FACTS

### A. Conviction and Supervised Release

In 2001, White was convicted of possession with intent to distribute five grams or more of crack cocaine (the "2001 case") and sentenced to 135 months in prison and eight years of supervised release. In 2002, while serving his prison term, White was convicted of possession of a prohibited object by an inmate in federal prison (the "2002 case") and sentenced to eight months in prison, to be served consecutive to his unexpired term in the 2001 case, and three years of supervised release.

On May 8, 2008, White began serving his concurrent terms of supervised release for the 2001 and 2002 cases. Both terms of supervised release required White not to commit any federal, state, or local offenses and to refrain from possession or unlawful use of any controlled substances.

### B. Petition for Revocation of Supervised Release

On March 7, 2011, White was arrested and charged in Florida state court with trafficking cocaine on October 12, 2010. Also on March 7, 2011, White's federal probation officer petitioned the district court for a warrant and alleged that

2

White had violated his supervised release terms in both cases by trafficking in cocaine. On the same day, the district court issued a warrant for White's arrest. On August 9, 2011, the state cocaine trafficking charge was dismissed. On August 11, 2011, the government's request to detain White was granted and he was remanded to the custody of the U.S. Marshals pending a revocation hearing.

## C.    Revocation Hearing on August 24, 2011

At an August 24, 2011 revocation hearing, the government proffered that it was prepared to prove that on October 12, 2010, law enforcement officers conducted a controlled buy of one ounce of powder cocaine from White. Officers recorded a phone call between White and a confidential source arranging the sale, and White drove his truck, which bore the name of his cleaning business stenciled on the side, to the sale. Following the sale, the confidential informant viewed a photo lineup and identified White as the man who had sold the cocaine.

White refused to admit to the violation or to the government's factual proffer. However, White stipulated that the government could prove the violation by a preponderance of the evidence and entered a no contest plea to the violation. The district court found, based on the factual proffer and the no contest plea, that the facts the government was prepared to prove were sufficient to establish that White committed the cocaine trafficking offense and withdrew White's supervised release.

3

White called several mitigation witnesses, including (1) his probation officer who testified that White had never tested positive for illegal drugs and continued to be employed and provided necessary documentation of his income; (2) Kinzie Thomas, a friend White introduced to Officer Cory Martin in an effort to cooperate with law enforcement in a planned drug investigation; (3) several witnesses who testified to his involvement in the community; and (4) his wife who testified that she and White were raising nine children and that the family relied on income from White's commercial cleaning business.

The government called Officer Martin, who testified that he met with White to discuss the possibility of White becoming a confidential informant. White agreed to participate, but Officer Martin was unable to use White in any productive investigations. According to Officer Martin, the only cooperation White provided was to introduce Officer Martin to Kinzie Thomas.

White addressed the district court and argued that punishing him would punish his family. White's counsel argued that the district court should consider White's efforts to cooperate with law enforcement and the testimony of numerous witnesses as to White's character and his efforts at rehabilitation. Without further comment, the district court imposed a 60-month sentence in White's 2001 case and a 24-month sentence in his 2002 case, with the two sentences to run consecutively, for a total 84-month sentence.

4

**D.    First Appeal and Remand**

White appealed, challenging his 84-month sentence, but not the revocation of his supervised release.  Specifically, White argued that the district court erred in imposing consecutive sentences without considering the 18 U.S.C. § 3553(a) factors and that his 60-month sentence in the 2001 case was unreasonable.  This Court concluded that the record was insufficient to determine whether the district court had calculated the advisory guidelines range or considered the § 3553(a) factors.  United States v. White, 463 F. App'x 826, 827 (11th Cir. 2012).  This Court vacated White's sentences and remanded for resentencing.  The Court did not address the reasonableness of White's sentences.  Id.

**E.    Resentencing on October 17, 2012**

On remand, White filed a sentencing memorandum that reiterated his mitigation arguments and recounted the testimony of witnesses at his initial revocation hearing.  White also stated that he had completed numerous courses offered by the Bureau of Prisons since the initial revocation hearing, and White asked the district court to consider this post-conviction rehabilitation evidence.

At the October 17, 2012 resentencing hearing, White relied upon the evidence presented at the initial revocation hearing and in his sentencing memorandum.  White's wife addressed the district court and discussed the family's hardship since White's arrest.  White asked the district court to take into account

5

his post-conviction rehabilitation and requested concurrent sentences at the low end of the advisory guidelines range. The government argued that White's background warranted a lengthy sentence and recommended that White receive the same sentence imposed at the initial revocation hearing.

The district court stated that it had carefully considered the parties' statements and the information in the violation report and found that White had violated the terms and conditions of supervised release. The district court determined that the advisory guidelines range for a Grade A violation was 46 to 57 months in the 2001 case and 24 months in the 2002 case. The district court noted that it had the discretion to impose a sentence up to the five-year statutory maximum as to the 2001 case and the two-year statutory maximum as to the 2002 case.

The district court then stated that it had fully considered the § 3553(a) factors and the advisory guidelines range and had "tailored the sentence to take into account the facts and circumstances" of White's case. The district court re-imposed a 60-month sentence in the 2001 case and a 24-month sentence in the 2002 case, with the terms to run consecutively, for a total 84-month sentence. The district court explained that it had imposed a sentence above the advisory guidelines range as to the 2001 case to "take[ ] into account [White's] prior record for similar conduct."

6

## II.  DISCUSSION

### A.    District Court's Jurisdiction

As a threshold matter, White argues that the district court lacked jurisdiction over his supervised release in the 2002 case because that supervised release term expired on May 8, 2011, before the initial August 24, 2011 revocation hearing.

Contrary to White's contention, the district court had jurisdiction to revoke White's supervised release in his 2002 case.  Under 18 U.S.C. § 3583, the district court's power to revoke a term of supervised release and impose a prison term "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."  18 U.S.C. § 3583(i).[1]

Here, on March 7, 2011, before White's supervised release term expired on May 8, 2011, the district court issued a warrant for an alleged violation occurring on October 12, 2010.  And, White has not argued, much less shown, that the period between the May 8, 2011 expiration of his supervised release term and the August

---

[1]Whether the district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3583(i) is a question of law we review de novo.  United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006).  Because subject matter jurisdiction may be raised at any time, it was not waived by White's failure to raise it in the district court.  See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).  Further, because the district court and this Court did not address subject matter jurisdiction under § 3582(i) either explicitly or implicitly in White's first appeal, the law of the case doctrine does not preclude us from addressing the issue now.  See Guevara v. Republic of Peru, 608 F.3d 1297, 1306-07 (11th Cir. 2010).

24, 2011 revocation was not "reasonably necessary for the adjudication" of his alleged violation. See 18 U.S.C. § 3583(i). Thus, the district court retained jurisdiction to revoke White's term of supervised release in the 2002 case.

White cites a related provision, 18 U.S.C. § 3624, which provides that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Id. § 3624(e) (emphasis added). White argues that, because he was never convicted of the state cocaine trafficking offense (for the October 12, 2010 controlled buy), his term of supervised release continued to run and expired as scheduled on May 8, 2011. However, the district court's jurisdiction over White was not extended by any tolling under § 3624(e) while White was detained on the state charge. Rather the district court's jurisdiction was extended under § 3583(i) by the issuance of the warrant on March 7, 2011, before White's supervised release term had expired. Accordingly, there is no merit to White's jurisdictional argument.

**B.    Sufficiency of the Evidence**

White argues that there was insufficient evidence to support the finding that he was present at the October 12, 2010 drug sale or that he possessed a controlled substance. Specifically, White complains about the hearsay evidence identifying White and the district court's failure to make findings about the reliability of that

8

evidence.  Under 18 U.S.C. § 3583(e), a district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of the release.  18 U.S.C. § 3583(e)(3).

We ordinarily review a revocation of supervised release for an abuse of discretion.  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  Here, however, White failed to raise any objection to the revocation of his supervised release or the evidence supporting it at either the August 24, 2011 revocation hearing or the October 17, 2012 resentencing hearing.  Further, White affirmatively stipulated to the sufficiency of the government's evidence and entered a plea of no contest to the charge.

Under these circumstances, White invited any error that may have resulted from the government's not providing further (or more reliable) evidence to show that White was the man who sold cocaine to the confidential informant on October 12, 2010.  See United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) ("The doctrine of invited error is implicated when a party induces or invites the district court into making an error." (quotation marks omitted)).  Because White induced or invited any error the district court may have made in this regard, we are precluded from reviewing White's sufficiency of the evidence argument on appeal.  See United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) ("Where a

9

party invites error, the Court is precluded from reviewing that error on appeal." (quotation marks omitted))

Alternatively, in his first appeal to this Court, White challenged only his sentence and not the revocation of his supervised release. White's sufficiency of the evidence argument is not jurisdictional. Thus, even if the invited error doctrine did not preclude appellate review of White's sufficiency of the evidence argument, the law of the case doctrine would do so. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (explaining that the law of the case doctrine applies to district court rulings that were not challenged in the defendant's first appeal).

## C.    Reasonableness

Before imposing a prison term upon revocation, the district court must consider certain factors in 18 U.S.C. § 3553(a).[2] See 18 U.S.C. § 3583(e). The district court also must consider the policy statements in Chapter 7 of the Sentencing Guidelines, which provides recommended, non-binding ranges of imprisonment. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

---

[2]Specifically, in a revocation proceeding, the relevant factors the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training and medical care; (3) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution. See 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

"We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Our reasonableness review applies the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 46, 128 S. Ct. 586, 591, 594 (2007). In reviewing for reasonableness, we first consider whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable in light of the relevant § 3553(a) factors and the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The party challenging the sentence has the burden to show it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). However, we will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

As to procedural reasonableness, White does not claim that the district court erred in calculating his advisory guidelines ranges or failed to explain adequately the sentences imposed.  Instead, White argues that the district court considered only the testimony and circumstances of his plea and arrest and did not acknowledge the hardship of the 84-month sentence on White's family.  The district court, however, was not required to discuss separately each of the applicable § 3553(a) factors or even to state on the record that it has explicitly considered each of the factors.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  The district court stated that it had considered the § 3553(a) factors and the parties' statements, which included White's arguments about the hardship to his family.  Accordingly, White has not shown that the district court committed procedural error by failing to consider the relevant § 3553(a) factors before imposing a revocation sentence.

White also has not shown that his sentence was substantively unreasonable in light of the record and the applicable § 3553(a) factors.  White had an extensive criminal history, with eleven separate convictions over a seven-year period prior to the 2001 and 2002 offenses.  White received two of these eleven convictions for possession of cocaine.  And, while on the instant supervised release for possession with intent to distribute cocaine, White committed yet another cocaine trafficking offense.  Although the district court imposed sentences at the statutory maximum,

the 60-month sentence for the 2001 (drug trafficking) offense was only three months above the top end of the advisory guidelines range of 46 to 57 months and was accompanied by a sufficient justification for the small upward variance. Finally, the district court was authorized to run the two sentences consecutively, particularly in light of the relevant § 3553(a) factors.  See 18 U.S.C. § 3584(a)-(b). Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a total 84-month sentence.

**AFFIRMED.**